CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 21 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GARFIELD WILLIAM HOLLEY,<br>Plaintiff, | )<br>)<br>) Civil Action No. 7:04-CV00192<br>) |
| v. | )<br>) By: Hon. Michael F. Urbanski<br>)     United States Magistrate Judge |
| MR. R. COUNTS, et al.,<br>Defendant(s). | )<br>)<br>) |

## REPORT AND RECOMMENDATION

The court referred this matter to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff, Garfield William Holley, a Virginia inmate proceeding pro se, brings this motion for a protective order and to alter or amend judgment under 42 U.S.C. § 1983 against Correctional Officers and staff at Red Onion State Prison ("Red Onion"). Plaintiff is currently incarcerated at Red Onion. Pursuant to 28 U.S.C. § 1915(g), the district court dismissed plaintiff's action on April 7, 2005. Holley v. Counts, No. 7:05cv00192, slip op. at 1 (W.D. Va. April 18, 2005). The court found plaintiff had previously filed three other actions which were all dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(I)-(ii).[1] Id. The court held that because three prior claims of plaintiff had been dismissed as meritless, and because plaintiff had neither paid the $250.00 filing fee nor shown that he was, "under imminent danger of serious physical injury," plaintiff did not qualify for in forma pauperis status. Id.

---

[1] Holley v. Farmer, et al., Civil Action No. 7:01cv00672 (W.D. Va. Sept. 4, 2001); Holley v. Farmer, et al., Civil Action No. 7:01cv00610 (W.D. Va. Oct. 13, 2001); Holley v. Barker, et al., Civil Action No. 7:00cv00634 (W.D. Va. Aug. 15, 2000).

1

This matter has been referred to the undersigned to determine whether plaintiff is in imminent danger of serious physical injury. The court ordered defendants to respond as to whether Holley is "under imminent danger of serious physical injury" by prison officials, and they have responded. Id. Upon review of the affidavit evidence provided by defendants, plaintiff's failure to respond with evidence that he is in imminent danger of serious physical injury and for the reasons set forth herein, it is recommended that plaintiff Holley's motion to proceed in forma pauperis be DENIED and this action be DISMISSED.

I

Plaintiff makes numerous claims in his original complaint. First, plaintiff claims Assistant Attorney General C. G. Hill was responsible for transferring plaintiff back to the western region of the facility where he felt unsafe, in retaliation for a prior claim filed by plaintiff. Second, plaintiff claims his personal possessions, namely a family photograph, were destroyed by defendants. Third, plaintiff claims he was not allowed to file a complaint through the Red Onion grievance system. Fourth, plaintiff claims he was the victim of intimidation. Plaintiff's fifth claim is that he suffered cruel and unusual punishment contrary to the Eighth Amendment at the hands of prison officers. Plaintiff's sixth claim involves allegations of physical injury. Plaintiff makes two claims (claims seven and eight) of retaliation involving himself and his son. Plaintiff's ninth claim alleges improper medical treatment. Plaintiff's tenth claim, like his first, alleges he was wrongfully transferred to an unsafe area of the prison. Plaintiff's eleventh claim is an allegation of failure to provide medical treatment for back pain. Plaintiff's twelfth and final claim is an allegation of cruel and unusual punishment and double jeopardy. (Pl.'s Compl. ¶ D1-12.)

Plaintiff amended his original complaint and alleged he was the victim of a threat and an assault at the hands of Defendant Counts on March 26, 2005. Based on these alleged incidents, plaintiff claims he is under imminent danger of serious physical injury. (Pl.'s Mot. Am. ¶ 2-4.)

## II

Under the Prison Litigation Reform Act, 28 U.S.C. 1915(g), if a prisoner has previously filed three or more actions which have been dismissed for failure to state a claim, as frivolous or as malicious, that prisoner may not file another claim without paying the filing fee. Lewis v. Angelone, 2005 U.S. App. LEXIS 208, at *1 (4th Cir. Jan. 6, 2005) (per curiam). The only exception to this rule is, "unless he is under imminent danger of serious physical injury." Id. Despite this limitation, the Fourth Circuit has held that 28 U.S.C. § 1915(g), should not be read to interfere with inmates' ability to complain about unsafe, life-threatening conditions in their prison without waiting for something to happen to them (internal citations and quotations omitted). Richardson v. Hite, 2002 U.S. App. LEXIS 26486, at *2 (4th Cir. Dec. 23, 2002) (per curiam).

It is well established that the complaints of pro se litigants are to be construed liberally. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Even allowing such a construction, however, plaintiff's allegation that he is under imminent danger of serious physical injury is both unfounded and conclusory. As such, it does not meet the standard of the § 1915(g) exception.

In order to satisfy the "imminent" danger requirement of provision § 1915(g), the threat to a prisoner must be proximate and real. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are insufficient to satisfy the imminence standard. Id. Allegations of

3

some past danger also are not sufficient to satisfy the exception if there has been no recurrence of danger. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). In the present case, plaintiff's allegations concern two past isolated incidents of harassment by a correctional officer occurring on January 2 and March 16, 2005.

In the March 16, 2005 incident, plaintiff alleges that he was escorted from his cell by defendant Counts while in full restraints and was forced to quickly walk on his tip toes to avoid injury from being dragged. (Pl.'s Mem. in Supp. of Appeal ¶ 2.) Plaintiff alleges defendant Counts yelled insults at him and that since that time, he has been afraid to leave his cell for fear of further injury. (Pl.'s Mem. in Supp. of Appeal ¶ 3.) Plaintiff alleges that he suffered a lower back injury causing pain as a result of the March 26, 2005 incident. Plaintiff also alleges he was verbally threatened by defendant Counts on January 2, 2005. (Pl.'s Mem. in Supp. of Appeal ¶ 4.) However, even if plaintiff's allegations were true, walking on one's tip toes during a cell transfer and one verbal threat clearly are not enough to meet the standard of imminent danger as required to qualify for IFP status.

Defendants also provide a copy of plaintiff's Department of Corrections' medical records from October 2004 through April 26, 2005. There are no entries or evidence that plaintiff was seen by medical personnel on March 26, 2005 for any problem. (Defs.' Resp., Med. R., Enclosure A at 2.) Although plaintiff's medical records contain an entry on April 4, 2005, which states he complained of back pain from kneeling and alleged he was assaulted, the records note that there is no bruising on plaintiff's person. (Defs.' Resp., Med. R., Enclosure A at 3.) Plaintiff has failed to respond to these arguments. Thus, based on the evidence provided by defendants and the failure of plaintiff to respond and provide contrary evidence, it is the opinion

4

of the undersigned that plaintiff's allegations are unfounded and meritless.

Beyond that, there is no evidence to support the notion that he was in imminent danger of serious physical injury at the time suit was filed. The court in <u>Abdul-Akbar</u> held that unconnected, generalized allegations of harassment are insufficient to establish a pattern of threat of imminent serious injury. 239 F.3d at 315. In this case, plaintiff's allegations of a January 2, 2005 verbal threat and the March 26, 2005 cell transfer incident are unconnected and do not establish any pattern of ongoing danger or threats to plaintiff.

Plaintiff has failed to show he is in any imminent danger of any serious physical injury as required by 28 U.S.C. § 1915(g) to file his complaint <u>in forma pauperis</u>. As such, it is the recommendation of the undersigned that plaintiff's motion for reconsideration of the order dismissing plaintiff's case and denying a protective order under those grounds be DENIED.

### III

The Clerk of the Court is directed immediately to transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to filed specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court is hereby directed to send a certified copy of this Report and Recommendation to plaintiff and counsel of record.

**ENTER:** This 21st day of July, 2005.

/s/ Michael F. Urbanski

Michael F. Urbanski

United States Magistrate Judge

6